UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN MICHAEL WARD, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-0139-JB-C |
| ) | |
| GRANT CULLIVER, ) | |
|     Respondent. ) | |

## PETITIONER'S STATUS REPORT

Comes now the Petitioner, John Michael Ward, to report the status of his state post-conviction litigation, pursuant to this Court's January 24, 2006, Order. (Doc. 99.) That litigation is pending in the Alabama Court of Criminal Appeals ("CCA"), Case No. 18-0316.

1.    Mr. Ward's federal habeas proceedings were stayed in August 2005 to pursue exhaustion of an innocence claim in state court. (Doc. 90.)

2.    Mr. Ward was convicted in December 1998 of suffocating his four-month-old son, Nicholas Ward. Trial counsel did not retain an expert to examine the cause of death. During the course of state post-conviction proceedings, Mr. Ward was able to consult with pathologist Dr. Janice Ophoven, who has opined that Nicholas died of pneumonia. No mention of pneumonia was made at Mr. Ward's trial.

3.    After Mr. Ward was granted equitable tolling of his state statute of limitations, *Ward v. State*, 228 So. 3d 490 (Ala. Crim. App. 2017), an evidentiary hearing was set on his Rule 32 petition. On September 22, 2017, five days prior to the hearing, the State of Alabama disclosed to Mr. Ward for the first time that an internal review of

the death of his son was conducted by the Alabama Department of Forensic Sciences ("DFS") in 2007. Four senior pathologists reviewed the autopsy materials prepared by Dr. James Downs in 1998. All four agreed that Nicholas Ward had pneumonia when he died, though two still supported a suffocation cause of death.[1]

4.   Based on the DFS disclosure, Mr. Ward amended his free-standing innocence claim on March 15, 2018. On July 16, 2018, the parties stipulated to certain additional facts relevant to Mr. Ward's claims.

5.   On November 16, 2018, the court adopted *in toto* a proposed order filed by the State and denied Mr. Ward all relief.

6.   Mr. Ward timely noticed his appeal on December 20, 2018, and his reply brief was filed in the CCA on June 13, 2019.

7.   The CCA heard oral argument on January 28, 2020.

8.   On August 14, 2020, the CCA remanded Mr. Ward's case to the circuit court for it:

> [T]o make findings of fact about the allegations based on the DFS memorandum. In making those findings, the circuit court should evaluate the allegations about the DFS memorandum as a stand-alone claim of newly discovered evidence under Rule 32.1(e), Ala. R. Crim. P., and *Ex parte Ward*, 89 So. 3d 720 (Ala. 2011), and grant or deny that claim. To the extent that those allegations affect any other claim raised in Ward's petition, the circuit court may amend its prior order denying relief and address those allegations as well.
>
> . . .

---

[1] Dr. Downs testified at Mr. Ward's trial that he could conclude that suffocation was the cause of death only in the absence of any other discernible cause. (Tr. R. 1433.)

    Due return should be filed in this Court within 90 days from the date of this opinion.

*Ward v. State*, CR-18-0316 (Ala. Crim. App. Aug. 14, 2020), slip op. at 14-15 (footnote omitted).

    9.    On December 14, 2020, the Circuit Court again denied relief.

    10.    The case has returned to the CCA, and supplemental briefing is now complete. It is unclear when the CCA will issue a decision, and whether that decision will remand for further consideration.[2] Note: As of November 19, 2021, the CCA has not issued a decision.

    11.    In the event Mr. Ward is not granted relief in state court, he intends to file a brief opposing the State's Motion to Dismiss his § 2254 petition, an amended § 2254 petition, and discovery motions.

    Respectfully submitted,

/s/ Spencer J. Hahn
SPENCER J. HAHN
OREGON BAR NO. 043027
FEDERAL DEFENDERS FOR THE
  MIDDLE DISTRICT OF ALABAMA
817 South Court Street
Montgomery, Alabama 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
Spencer_Hahn@fd.org

*Counsel for John Michael Ward*

---

[2] The parties agreed that the circuit court failed to make the findings ordered on remand; the only dispute is whether it should again be remanded or whether the CCA should make the findings.

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Henry Johnson, Esq.
Assistant Attorney General
Capital Litigation Division
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104

                                                  /s/ Spencer J. Hahn
                                                  SPENCER J. HAHN

                                                  *Counsel for John Michael Ward*